PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL DUMAS, | CASE NO. 1:14CV01742 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| v. | |
| MARK CARFOLO, *et al.*, | |
| Defendants. | **MEMORANDUM OF OPINION AND ORDER** |

On August 8, 2014, *pro se* plaintiff Nathaniel Dumas, an inmate at Ross Correctional Institution, filed this *in forma pauperis* action against the following defendants: Mahoning County Assistant Prosecutors Jennifer McLaughlin and Rebecca Doherty, Mahoning County Court of Common Pleas Judge James C. Evans, Attorneys Mark Carfolo and J. Dean Carro, and Youngstown Police Detective Daryl Martin. ECF No. 1. The "Rule 3 Complaint" filed by Plaintiff asserts defendants violated state and federal statutes by "engaging in a pattern of corrupt activity to intentionally deprive the Plaintiff of his civil and constitutional rights." ECF No. 1. In particular, Plaintiff alleges that his convictions in the Mahoning County Court of Common Pleas[1] for murder and aggravated robbery, with firearm specifications, were the product of numerous intentional violations of basic rights afforded him under the United States Constitution. Plaintiff does not specify relief sought, but cites 18 U.S.C. § 241 - a statute which makes it a criminal offense to interfere with a person's exercise or enjoyment of any constitutional right - in support of his claim. For the reasons stated below, this action is

---

[1] *See State v. Dumas*, Mahoning County Case No. 2011 CR 00429, http://courts.mahoningcountyoh.gov/pa/pa.urd/pamw2000.docket_lst?34134545

(1:14CV01742)

dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As a threshold matter, criminal actions in the federal courts are initiated by the United States Attorney.  28 U.S.C. § 547; Fed. R. Crim. P. 7(c).  Plaintiff lacks standing to commence a federal criminal action.  *See* Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir.1964); Bass Angler Sportsman Soc'y v. U.S. Steel Corp., 324 F.Supp. 412, 415 (S.D.Ala.), *aff'd*, 447 F.2d 1304 (5th Cir.1971); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir.1989) (only United States can bring complaint under 18 U.S.C. §§ 241–242).

To the extent plaintiff seeks to challenge "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411 U.S. 475, 501 (1973).  Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).

---

[2]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(1:14CV01742)

      Based on the foregoing, this action is dismissed under section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

| | |
|---|---|
|  December 22, 2014<br>Date |    */s/ Benita Y. Pearson*<br>Benita Y. Pearson<br>United States District Judge |